## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BESTOP, INC.,**

     *Plaintiff,*

**v.**

**CHAMPION AUTO SYSTEMS, L.L.C.,**

     *Defendant.*

Case No.

Honorable

**JURY TRIAL DEMANDED**

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Bestop, Inc. ("Bestop"), by and through its attorneys, files this Complaint against Champion Auto Systems, L.L.C. ("Champion") for direct, indirect, and willful infringement of United States Patent Nos. 9,815,356; 9,931,921; 9,944,155; 10,442,279; 10,449,843; 10,471,813; 10,696,146; 11,124,053; 11,648,830; and 11,760,176 (collectively, the "Asserted Patents"), and respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Bestop is a Delaware corporation having a principal place of business at 11030 Circle Point Rd #450, Westminster, Colorado 80020.

1

3.      Upon information and belief, Champion is a Minnesota limited liability company having a registered office at 2731 Nevada Avenue North, New Hope, MN 55427 and a principal place of business at N. 2nd St, Minneapolis, MN 55412.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over patent actions).

5.      Venue and personal jurisdiction in this District are proper under 28 U.S.C. §§ 1391(b) and 1400(b) because, upon information and belief, Champion has committed acts of infringement in the State of Michigan and in this District, and because a substantial part of the acts and omissions giving rise to the claims occurred in this District.

6.      Upon information and belief, Champion, directly or through intermediaries and/or its agents (including distributors, retailers, and others) offers for sale, sells, ships, distributes, and/or advertises its products in the United States and the State of Michigan.

7.      Upon information and belief, Champion has voluntarily sold infringing products in the State of Michigan.

8.     Further, personal jurisdiction over Champion in this action comports with due process. Champion has conducted and regularly conducts business within the United States, including in this District.

9.     Champion has purposefully availed itself of the privileges of conducting business in the United States, including in the state of Michigan and this District.

10.    Champion has sought protection and benefit from the laws of Michigan by selling, offering for sale, shipping, distributing, and/or advertising their products to consumers, including consumers and end users in this District.

11.    To the extent the Accused FASTOP Products (defined below) were made abroad, they were so made with the intent that Champion import the product into the United States and sell such product in the United States and specifically in Michigan.

12.    Champion has been importing and continues to import the Accused FASTOP Products into the United States and/or offering them for sale in the United States, including selling the Accused FASTOP Products for eventual installation by installers and/or the end users.

13.    Upon information and belief, Champion has been selling the Accused FASTOP Products at least to Ford dealerships, including Ford dealerships in Michigan, for eventual installation on vehicles by installers and/or the end users.

14.    Upon information and belief, Champion maintains a continuous business presence in this district because its President, Bill North, who resides in this District in Fenton, Michigan, maintains an office at his personal residence there, conducts corporate operations there, including holding company files and communicating electronically to conduct business on behalf of Champion.

## BACKGROUND

15.    Tom Bradley created Bestop in a small upholstery shop in Boulder, Colorado in 1954.  Sixty-five years later, Bestop is the leading manufacturer of premium soft tops for Jeep Wrangler, CJ, and Ford Bronco vehicles in the world.

16.    Bestop has a history of ground-breaking new products and manufactures several soft top insert products under the names SUNRIDER for hardtop and SKYRIDER for hardtop, which are products that replace several removable hard panels used on hardtops found on the Ford Bronco, Jeep Wranglers and other vehicles (hereinafter jointly referred to as the "Bestop Products").

17.    Bestop, after developing the claimed inventions in the Asserted Patents, filed for patent protection, as explained more fully in the "Asserted Patents" section below.

18.    Bestop has brought products embodying certain of the Asserted Patents to market.

19.     Champion is a newcomer to the market, with a few products designed for car roofs.

20.     Upon information and belief, Champion has sold and continues to sell aftermarket products for hardtop Bronco vehicles that are labeled with "Fresh Air Soft Top" or "FASTOP" and "Jese" (hereinafter collectively referred to as "FASTOP") (*See, e.g.* https://championautosystems.com/fresh-air-soft-top/ (last accessed on December 10, 2025)).

21.     Upon information and belief, Champion has sold and continues to sell two FASTOP models – the FASTOP 4-Door (the "Accused FASTOP 4-Door") and the  FASTOP 2-Door (the "Accused FASTOP 2-Door") (collectively, the "Accused FASTOP Products").

22.     The figure below from Champion's website shows the Accused FASTOP 4-Door, which Champion advertises on its website as "Ford Bronco 4 door Fresh Air Soft Tops" with "both 2 row and front row only options available…" (accessible at https://championautosystems.com/fresh-air-soft-top/ (last accessed on December 10, 2025)):



**Ford Bronco 4 door Fresh Air Soft Tops**

both 2 row and front row only options available

Find an authorized installer near you today for details

All rights reserved

Power Sunroofs / Seat Comfort / Heated Seats

23.     Champion is importing into the United States, offering for sale, selling, and/or using the accused FASTOP Products without authority from Bestop.

24.     As such, Champion has directly infringed and continues to directly infringe one or more claims of the Asserted Patents by, including without limitation, the importation of the Accused FASTOP Products manufactured in China and offering for sale and selling the Accused FASTOP Products in Michigan and throughout the United States.

25.     Champion's acts of importation, offering for sale, and sale of the Accused FASTOP Products constitute direct infringement of the Asserted Patents under 35 U.S.C. § 271(a).

26.    Champion has encouraged, instructed, and/or aided Bronco customers and distributors in the United States to use and/or sell the Accused FASTOP Products together with Bronco vehicles.

27.    Champion has actively induced infringement of the Asserted Patents by encouraging, instructing, and aiding Bronco customers and distributors in the United States to use and/or sell the Accused FASTOP Products together with Bronco vehicles such that the combination meets all limitations of one or more claims of the Asserted Patents. Champion's marketing materials, product instructions, and sales activities demonstrate Champion's intent to cause infringement.

28.    Champion has imported and/or sold the Accused FASTOP Products in the United States.

29.    Champion has contributorily infringed the Asserted Patents by importing and selling the Accused FASTOP Products, which constitute material components of patented inventions, are not staple articles of commerce, and have no substantial non-infringing use. Champion knew that the Accused FASTOP Products were specially made or adapted for use in infringement of the Asserted Patents (defined in the "Asserted Patents" section below).

30.    Bestop manufactures and sells the Bestop Products, which practice certain of the inventions claimed in the Asserted Patents.

31.     Champion had actual notice of the Asserted Patents and its infringing conduct at least no later than July 31, 2025, when Bestop provided actual notice via a certified letter identifying the Asserted Patents and demanding that Champion cease and desist from making, using, selling, offering for sale, and importing infringing products, particularly its Jese/Champion tops being marketed under the company names Jese, Champion, and FASTOP.

32.     Despite this actual notice of the Asserted Patents, Champion continued its infringing activities.

33.     Bestop sent additional letters to Champion on September 24, 2025 and October 23, 2025, reiterating its allegation that Champion is infringing Bestop's patents and warning that continued sales would constitute willful infringement.

34.     The October 23, 2025 letter Bestop sent to Champion expressly states that Champion's conduct was "clearly evidence of [its] willful intent to infringe."

35.     On October 31, 2025, Champion's President, Bill North, responded via email acknowledging receipt of Bestop's letters and the draft complaint but provided no substantive defense.

36.     In that October 31, 2025 email response, Champion disputed infringement of only one patent (U.S. Patent No. 9,815,356) and ignored the other ten patents identified in Bestop's September 24, 2025 and October 23, 2025 letters to Champion.

37.    In that October 31, 2025 email response, Mr. North proposed a meeting with Bestop's President at the SEMA trade show in Las Vegas from November 4-7, 2025.

38.    On November 3, 2025, Bestop emailed Champion, reiterating Bestop's demand that Champion cease and desist advertising and selling the Accused FASTOP Products and asking whether Champion planned to advertise those infringing products at SEMA.

39.    Despite Bestop's repeated actual notices and explicit warnings of infringement, Champion continues to use, sell, offer for sale, and/or import the Accused FASTOP Products in the United States.

40.    The Accused FASTOP Products continue to infringe one or more claims of the Asserted Patents.

41.    For example, on November 4, 2025, Champion displayed and advertised the Accused FASTOP Products at its booth at the SEMA trade show, in direct violation of Bestop's demand.

42.    Champion's continued infringement after receiving multiple notices, its refusal to cease sales, and its decision to promote and continue to offer for sale the infringing products constitutes deliberate and intentional disregard for Bestop's patent rights.

43.     Champion's conduct constitutes willful infringement under 35 U.S.C. § 284, entitling Bestop to enhanced damages, including treble damages, and attorneys' fees pursuant to 35 U.S.C. § 285.

## THE ASSERTED PATENTS

44.     On November 14, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 9,815,356 ("the '356 Patent"), titled "Soft Front Cockpit Cover." A copy of the '356 Patent is attached hereto as Exhibit 1.

45.     Bestop owns all substantial right, title, and interest in the '356 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

46.     On April 3, 2018, the USPTO duly and legally issued U.S. Patent No. 9,931,921 ("the '921 Patent"), titled "Soft Front Cockpit Cover." A copy of the '921 Patent is attached hereto as Exhibit 2.

47.     Bestop owns all substantial right, title, and interest in the '921 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

48.     On April 17, 2018, the USPTO duly and legally issued U.S. Patent No. 9,944,155 ("the '155 Patent"), titled "Lift Assist Mechanism for Soft Top." A copy of the '155 Patent is attached hereto as Exhibit 3.

49.     Bestop owns all substantial right, title, and interest in the '155 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

50.     On September 17, 2019, the USPTO duly and legally issued U.S. Patent No. 10,442,279 ("the '279 Patent"), titled "Soft Front Cockpit Cover." A copy of the '279 Patent is attached hereto as Exhibit 4.

51.     Bestop owns all substantial right, title, and interest in the '279 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

52.     On October 22, 2019, the USPTO duly and legally issued U.S. Patent No. 10,449,843 ("the '843 Patent"), titled "Folding Soft Top with Lift Assist." A copy of the '843 Patent is attached hereto as Exhibit 5.

53.     Bestop owns all substantial right, title, and interest in the '843 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

54.     On November 12, 2019, the USPTO duly and legally issued U.S. Patent No. 10,471,813 ("the '813 Patent"), titled "Soft Front Cockpit Cover." A copy of the '813 Patent is attached hereto as Exhibit 6.

55.     Bestop owns all substantial right, title, and interest in the '813 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

56.     On June 30, 2020, the USPTO duly and legally issued U.S. Patent No. 10,696,146 ("the '146 Patent"), titled "Front Top Assembly for SUV." A copy of the '146 Patent is attached hereto as Exhibit 7.

57.     Bestop owns all substantial right, title, and interest in the '146 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

58.     On September 21, 2021, the USPTO duly and legally issued U.S. Patent No. 11,124,053 ("the '053 Patent"), titled "Soft Front Cockpit Cover." A copy of the '053 Patent is attached hereto as Exhibit 8.

59.     Bestop owns all substantial right, title, and interest in the '053 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

60.     On May 16, 2023, the USPTO duly and legally issued U.S. Patent No. 11,648,830 ("the '830 Patent"), titled "Folding Soft Top with Lift Assist." A copy of the '830 Patent is attached hereto as Exhibit 9.

61.     Bestop owns all substantial right, title, and interest in the '830 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

62.     On September 19, 2023, the USPTO duly and legally issued U.S. Patent No. 11,760,176 ("the '176 Patent"), titled "Soft Front Cockpit Cover with Linkage." A copy of the '176 Patent is attached hereto as Exhibit 10.

63.     Bestop owns all substantial right, title, and interest in the '176 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,815,356

64.     Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

65.     Champion has infringed and continues to infringe all claims of the '356 Patent, either directly or indirectly, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

66.     Champion has actual notice of its infringement of the '356 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

67.     The foregoing acts of infringement by Champion have been willful, intentional and purposeful, in disregard of and indifferent to Bestop's rights.

68.     Champion's continuing infringement of the '356 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '356 Patent.

69.     The Accused FASTOP Products are a soft panel top assembly for a vehicle having a windshield frame with side members extending therefrom and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle.

70.     The Accused FASTOP Products have two door rails attached to the vehicle.

71.     The Accused FASTOP Products have a pivotable portion pivotally connected to the at least two door rails at two pivot points on each door rail.

72.     The Accused FASTOP Products have a header connected to the pivotable portion and adapted to selectively connect to the vehicle.

73.     The Accused FASTOP Products have a rear header operably coupled to the vehicle, said rear header in sealing engagement with a seal of a hardtop roof portion to provide a weather tight seal.

74.     The Accused FASTOP Products have a cover that is a soft skin roof top cover, said cover operably connected to the header and rear header, where pivoting

the pivotable portion allows the cover to move between a closed position and an open position.

75.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '356 Patent.

76.   The Accused FASTOP Products are a soft panel top assembly of where the pivotable portion further comprises two side rail linkage assemblies to provide the pivotable connection with the two door rails and allow the cover to between a closed position and an open position.

77.   Thus, the Accused FASTOP Products infringe at least claim 2 of the '356 Patent.

78.   The Accused FASTOP Products are a soft panel top assembly with a bracket, and one of the brackets are each connected to one of the two door rails to provide pivot points on each of the two door rails.

79.   Thus, the Accused FASTOP Products infringe at least claim 3 of the '356 Patent.

80.   The pivotable portion of the Accused FASTOP Products have a bracket fixedly connected to each door rail.

81.   The Accused FASTOP Products have a side rail linkage assembly pivotably connected to each bracket to move the soft panel top assembly between the open and closed positions.

82.     The Accused FASTOP Products have a first fabric management bow operably connected to each side rail linkage assembly and to the cover to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position.

83.     Thus, the Accused FASTOP Products infringe at least claim 4 of the '356 Patent.

84.     The Accused FASTOP Products have a second fabric management bow operably fixedly connected to the rear header at least minimize fabric movement when the soft panel top assembly is in the closed position.

85.     Thus, the Accused FASTOP Products infringe at least claim 5 of the '356 Patent.

86.     The side rail linkage assemblies of the Accused FASTOP Products have a first link connected to the header, and the first link is also pivotably connected to one of two pivot points on the door rail and is pivotable about the pivot point.

87.     The side rail linkage assemblies of the Accused FASTOP Products have a third link pivotably connected to the other of the two pivot points on the door rail, and the third link is pivotable about the pivot point.

88.     The side rail linkage assemblies of the Accused FASTOP Products have a second link pivotably connected to the first link first link at a third pivot point, and the second link is also pivotably connected to the third link at a fourth pivot point.

89.     The first link, second link, and third link arrangement of the Accused FASTOP Products coordinates pivotable movement of the pivotable portion between the open and closed positions.

90.     Thus, the Accused FASTOP Products infringe at least claim 6 of the '356 Patent.

91.     The side rail linkage assemblies of the Accused FASTOP Products have a limiting stop fastened to one of the links to keep the soft top roof assembly, other than the cover, a predetermined distance above the hardtop roof portion.

92.     Thus, the Accused FASTOP Products infringe at least claim 7 of the '356 Patent.

93.     The Accused FASTOP Products are a soft panel top assembly with a front corner seal affixed to each door rail; and/or a rear corner seal affixed to each door rail; and/or a front header seal affixed to each end of the header to provide weather resistant seals.

94.     Thus, the Accused FASTOP Products infringe at least claim 8 of the '356 Patent.

95.     The Accused FASTOP Products are a soft panel top assembly with two door rails that each have a plurality of clamping surfaces, extending toward the vehicle interior for connecting each of said two door rails to a respective one of the side members of the vehicle using a respective fastener, and the side members are fore/aft sport bars.

96.     Thus, the Accused FASTOP Products infringe at least claim 9 of the '356 Patent.

97.     The clamping surfaces of the Accused FASTOP Products have a pair of opposing clamping surfaces to attach a front portion of each door rail to the respective sport bar and a rear clamping surface to attach a rear portion of each door rail to the respective sport bar.

98.     Thus, the Accused FASTOP Products infringe at least claim 10 of the '356 Patent.

99.     The rear header of the Accused FASTOP Products has two attachment members, each attachment member located on top of the sport bar as the rear clamping surface is below the sport bar, and one mushroom knob fastener connects each attachment member and rear clamping surface to the respective sport bar.

100.   Thus, the Accused FASTOP Products infringe at least claim 11 of the '356 Patent.

101.   The rear header of the Accused FASTOP Products has at least two feet located on top of the cross member and setting a predetermined height for the rear header.

102.   Thus, the Accused FASTOP Products infringe at least claim 12 of the '356 Patent.

103.   The Accused FASTOP Products have at least two locating brackets connected to the bottom of the rear header and partly fitting under a leading edge flange of the hardtop portion to assist in locating and securing the rear header position.

104.   Thus, the Accused FASTOP Products infringe at least claim 13 of the '356 Patent.

105.   The Accused FASTOP Products have at least two threaded fasteners that as tightened further press the rear header down against the hardtop roof portion seal.

106.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '356 Patent.

107.   The pivotable portion of the Accused FASTOP Products pivots with a portion of the cover between the closed position and the open position to provide an open air feel of the soft panel top assembly without completely removing the soft panel top assembly from the vehicle.

108.   Thus, the Accused FASTOP Products infringe at least claim 15 of the '356 Patent.

109.   The cover of the Accused FASTOP Products is operably connected to the rear header by a retainer and metal backing within the rear header.

110.   Thus, the Accused FASTOP Products infringe at least claim 16 of the '356 Patent.

111.   The Accused FASTOP Products have a first fabric management bow and a second fabric management bow having a channel to retain a molded extrusion connected to the cover, and the first and second fabric management bows manage fabric of the cover during movement of the cover between the open and closed positions and minimize fabric movement when the Accused FASTOP Products are in the closed position.

112.   Thus, the Accused FASTOP Products infringe at least claim 17 of the '356 Patent.

113.   The Accused FASTOP Products are a soft panel top assembly for a vehicle with two door rails attached to side members of the vehicle.

114.   The Accused FASTOP Products have two side rail linkage assemblies, where each respective side rail linkage assembly is connected to a respective one of the two door rails at two locations on each door rail for pivotally connecting the two side rail linkage assemblies to the two door rails.

115.   The Accused FASTOP Products have a header connected between the two side rail linkage assemblies and adapted to selectively connect to a windshield frame; a rear header that is a lightweight header and operably coupled to the side members and the cross member, said rear header in sealing engagement with a seal of a hardtop roof portion to provide a weather tight seal.

116.   The Accused FASTOP Products have a cover that is a soft skin roof top cover, and the cover is operably connected to the header, rear header and two side rail linkage assemblies, where pivoting the two side rail linkage assemblies allows the cover to move between a closed position and an open position.

117.   The Accused FASTOP Products have a first fabric management bow operably connected between the side rail linkage assemblies to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position.

118.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '356 Patent.

119.   The Accused FASTOP Products have a windshield frame with side members extending out and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle, with two door rails attached to the side members of the vehicle; a pivotal portion pivotally connected to the at least

21

two door rails, where pivoting the pivotal portion about pivot points on the two door rails moves the pivotal portion between a closed position and an open position; a header connected to the pivotal portion and to a cover; the rear header in sealing engagement with a seal of a hardtop roof portion to provide a weather tight seal, and the rear header is a lightweight molded material and has rear geometry which follows the contour of the hardtop roof portion and to seal against the hardtop roof portion's seal, and the seal is a bulb seal.

120.   The Accused FASTOP Products have a first fabric management bow and a second fabric management bow each having a channel to retain a molded extrusion connected to the cover, said first and second fabric management bows manage fabric of the cover during movement of the cover between the open and closed positions and minimize fabric movement when the soft panel top assembly is in the closed position.

121.   Thus, the Accused FASTOP Products infringe at least claim 19 of the '356 Patent.

122.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '356 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

123.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

124.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '356 Patent.

125.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

126.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

127.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '356 Patent is deliberate and willful.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,931,921**

128.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

129.   Champion has infringed and continues to infringe all claims of the '921 Patent, either directly or indirectly, literally or under the doctrine of equivalents,

pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

130.    Champion has actual notice of its infringement of the '921 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

131.    The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

132.    Champion's continuing infringement of the '921 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '921 Patent.

133.    The Accused FASTOP Products are a soft panel top assembly for a vehicle having a windshield frame with side members extending from it and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle.

134.    The Accused FASTOP Products have at least two door rails attached to the side members of the vehicle.

135.    The Accused FASTOP Products have a pivotable portion pivotally connected to the at least two door rails.

136.   The Accused FASTOP Products have a header connected to the pivotable portion and adapted to selectively connect to the windshield frame.

137.   The Accused FASTOP Products have a rear header assembly operably coupled to the side members and the cross member, the rear header assembly including a sealing system in sealing engagement with a hard top seal of a hardtop roof portion to provide a weather tight seal wherein the rear header assembly includes a rear header portion that is a lightweight molded material that is a single piece or a plurality of pieces operably connected together.

138.   The Accused FASTOP Products have a cover that is a soft skin roof top cover, and the cover is operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position.

139.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '921 Patent.

140.   The sealing system of the Accused FASTOP Products includes a rear header seal that is pressed between the hard top roof portion and the rear header assembly.

141.   Thus, the Accused FASTOP Products infringe at least claim 2 of the '921 Patent.

142.   Then the rear header assembly of the Accused FASTOP Products is installed onto the vehicle, the hard top seal comes into contact with and pushes the rear header seal upward between an edge of the rear header assembly and a substantially vertical surface of the hard top roof portion.

143.   Thus, the Accused FASTOP Products infringe at least claim 3 of the '921 Patent.

144.   The rear header seal of the Accused FASTOP Products is made of open cell foam, a closed cell foam material, ethylene propylene diene monomer, thermoplastic elastomers, thermoplastic vulcanizate a foam rubber, an extruded rubber, a formed/molded rubber mucket, and/or a silicone material.

145.   Thus, the Accused FASTOP Products infringe at least claim 4 of the '921 Patent.

146.   The rear header seal of the Accused FASTOP Products is a closed cell foam and less stiff than the hard top seal.

147.   Thus, the Accused FASTOP Products infringe at least claim 5 of the '921 Patent.

148.   The Accused FASTOP Products have a sealing system with a tertiary seal operably connected to the rear header assembly, and one tertiary seal is a continuous strip along the length of the rear header assembly to provide a back-up weather resistant seal.

149.   Thus, the Accused FASTOP Products infringe at least claim 6 of the '921 Patent.

150.   The rear header assembly of the Accused FASTOP Products has an upper rear header; a retainer operably connected to the cover and to the upper rear header; a rear header seal having an attachment portion and a sealing portion, said sealing portion being a bulbous; a binding retainer operably connected to the retainer and to the attachment portion of the rear header seal such that a retainer and the attachment portion are sandwiched together operable to retain a rear seal; where the binding retainer, attachment portion and binding retainer are sewn together, bonded, and/or adhered together; and the sealing portion is located substantially between the binding retainer and the hard top roof portion and in contact with the hard top seal to provide the weather tight seal.

151.   Thus, the Accused FASTOP Products infringe at least claim 7 of the '921 Patent.

152.   The rear header assembly of the Accused FASTOP Products is additionally in sealing engagement with the other seal of the hard top portion to provide a weather tight seal.

153.   Thus, the Accused FASTOP Products infringe at least claim 8 of the '921 Patent.

154.   The rear header portion of the Accused FASTOP Products is three to five pieces operably connected together by a fastener, bonded and/or with adhesive.

155.   Thus, the Accused FASTOP Products infringe at least claim 9 of the '921 Patent.

156.   The rear header portion of the Accused FASTOP Products is three molded pieces operably connected together by a fastener, bonded and/or with adhesive.

157.   Thus, the Accused FASTOP Products infringe at least claim 10 of the '921 Patent.

158.   The pivotable portion of the Accused FASTOP Products has two side rail linkage assemblies to provide the pivotable connection with the two door rails and allow the cover to move between a closed position and an open position.

159.   Thus, the Accused FASTOP Products infringe at least claim 11 of the '921 Patent.

160.   The Accused FASTOP Products have a bracket connected to each of the two door rails to provide a pivot point on each of the two door rails.

161.   Thus, the Accused FASTOP Products infringe at least claim 12 of the '921 Patent.

162.   The pivotable portion of the Accused FASTOP Products has a first fabric management bow operably connected to each side rail linkage assembly and

to the cover to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position; and a second fabric management bow operably fixedly connected to said rear header to at least minimize fabric movement when the soft panel top assembly is in the closed position.

163.   Thus, the Accused FASTOP Products infringe at least claim 13 of the '921 Patent.

164.   The side rail linkage assemblies of the Accused FASTOP Products have a first link fixedly connected to the header, the first link also pivotably connected to one of said brackets at a pivot point on the bracket, the first link pivotable about the pivot point; a third link pivotably connected to the bracket at a rearward pivot point on the bracket, the third link pivotable about the rearward pivot point; a second link pivotably connected to the first link first link at a third pivot point, the second link also pivotably connected to the third link at a fourth pivot point, a limiting stop operably connected to one of the links; and the bracket, first link, second link, and third link arrangement coordinates pivotable movement of the pivotable portion between the open and closed positions, and the limiting stop prevents the pivotable portion, other than the cover, from contacting the hard top roof portion to prevent damage.

165.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '921 Patent.

166.   The Accused FASTOP Products have a front corner seal affixed to each door rail; and/or one rear corner seal affixed to each door rail; and/or at least two front header seals affixed to the ends of the header to provide weather resistant seals.

167.   Thus, the Accused FASTOP Products infringe at least claim 15 of the '921 Patent.

168.   The Accused FASTOP Products have a pair of opposing clamping surfaces provided on each of the two door rails to attach a front portion of each door rail to a respective sport bar; and a rear clamping surface provided on each of the two door rails to attach a rear portion of each door rail to the respective sport bar.

169.   Thus, the Accused FASTOP Products infringe at least claim 16 of the '921 Patent.

170.   The Accused FASTOP Products have two door rails attached to side members of the vehicle; two side rail linkage assemblies; two brackets, where a respective bracket is connected to a respective one of the two door rails for pivotally connecting a respective one of the two side rail linkage assemblies to each door rail; a header connected between the two side rail linkage assemblies and adapted to selectively connect to a windshield frame; a rear header assembly in sealing engagement with a hard top roof portion to provide a weather tight seal; a rear header

seal operably connected on the rear header assembly to provide a weather tight seal between the rear header assembly, a substantially vertical surface on the hard top roof portion, and an existing hard top seal provided on the hard top portion, said rear header assembly operable to also compress another seal on the hard top portion to further provide a weather tight seal; a tertiary seal operably connected on the rear header assembly along the length of the rear header assembly to provide a back-up weather tight seal; and a cover that is a soft skin roof top cover, the cover operably connected to the header, rear header assembly and two side rail linkage assemblies, where pivoting the two side rail linkage assemblies allows the cover to move between a closed position and an open position.

171.   Thus, the Accused FASTOP Products infringe at least claim 17 of the '921 Patent.

172.   The rear header assembly of the Accused FASTOP Products includes a rear header portion that is a lightweight molded material that is formed of a single piece or a plurality of pieces operably connected together.

173.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '921 Patent.

174.   The Accused FASTOP Products have a windshield frame with side members extending from it and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle, with two door rails

attached to the side members of the vehicle, each door rail including a sealing surface operable to allow a weather resistant seal with the front doors of the vehicle; a pivotable portion pivotally connected to the at least two door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly operably coupled to the side members and the cross member, with the rear header assembly including a sealing arrangement in sealing engagement with a hard top seal of a hardtop roof portion to provide a weather tight seal, and the sealing arrangement has a bulb seal, and the rear header assembly includes a lightweight molded material and has rear geometry which follows the contour of the hardtop roof portion and to seal the sealing system against the hard top portion and a hard top seal; a cover that is a soft skin roof top cover, with the cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position; and a plurality of clamping surfaces provided on each door rail extending toward the vehicle interior for connecting each of the two door rails to a respective one of the side members of the vehicle using a respective fastener, wherein the side members are fore/aft sport bars.

175.   Thus, the Accused FASTOP Products infringe at least claim 19 of the '921 Patent.

176.  The Accused FASTOP Products have a windshield frame with side members extending therefrom and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle, with at least two door rails attached to the side members of the vehicle; a pivotable portion pivotally connected to the at least two door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly operably coupled to the side members and the cross member, the rear header assembly including a sealing system in sealing engagement with a hard top seal of a hardtop roof portion to provide a weather tight seal; and a cover that is a soft skin roof top cover, the cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position, and the pivotable portion has two side rail linkage assemblies to provide the pivotable connection with the two door rails and allow the cover to move between a closed position and an open position; and the side rail linkage assemblies each have a first link fixedly connected to the header, the first link also pivotably connected to one of said brackets at a pivot point on the bracket, the first link pivotable about the pivot point; a third link pivotably connected to the bracket at a rearward pivot point on the bracket, the third link pivotable about the rearward pivot point; a second link pivotably connected to the first link first link at a third pivot point, the second link also pivotably connected to the third link at a fourth pivot

point, a limiting stop operably connected to one of the links; the bracket, first link, second link, and third link arrangement coordinates pivotable movement of the pivotable portion between the open and closed positions, and the limiting stop prevents the pivotable portion, other than the cover, from contacting the hard top roof portion to prevent damage.

177.   Thus, the Accused FASTOP Products infringe at least claim 20 of the '921 Patent.

178.   The sealing system of the Accused FASTOP Products includes a rear header seal that is pressed between the hard top roof portion and the rear header assembly.

179.   Thus, the Accused FASTOP Products infringe at least claim 21 of the '921 Patent.

180.   When the rear header assembly of the Accused FASTOP Products is installed onto the vehicle, the hard top seal comes into contact with and pushes the rear header seal upward between an edge of the rear header assembly and a substantially vertical surface of the hard top roof portion.

181.   Thus, the Accused FASTOP Products infringe at least claim 22 of the '921 Patent.

182.   The rear header seal of the Accused FASTOP Products is made of open cell foam, a closed cell foam material, ethylene propylene diene monomer,

thermoplastic elastomers, thermoplastic vulcanizate a foam rubber, an extruded rubber, a formed/molded rubber mucket, and/or a silicone material.

183.   Thus, the Accused FASTOP Products infringe at least claim 23 of the '921 Patent.

184.   The rear header seal of the Accused FASTOP Products is a closed cell foam and less stiff than a hard top seal.

185.   Thus, the Accused FASTOP Products infringe at least claim 24 of the '921 Patent.

186.   The sealing system of the Accused FASTOP Products includes a tertiary seal operably connected to the rear header assembly, and at least one tertiary seal is a continuous strip along the length of the rear header assembly to provide a back-up weather resistant seal.

187.   Thus, the Accused FASTOP Products infringe at least claim 25 of the '921 Patent.

188.   The rear header assembly of the Accused FASTOP Products has an upper rear header; one retainer operably connected to the cover and to the upper rear header; a rear header seal having an attachment portion and a sealing portion, the sealing portion being a bulbous; a binding retainer operably connected to a retainer and to the attachment portion of the rear header seal such that a retainer and the attachment portion are sandwiched together operable to retain a rear seal; a binding

35

retainer, attachment portion and binding retainer are sewn together, bonded, and/or adhered together; and the sealing portion is located substantially between the binding retainer and the hard top roof portion and in contact with a hard top seal to provide the weather tight seal.

189.  Thus, the Accused FASTOP Products infringe at least claim 26 of the '921 Patent.

190.  The rear header assembly of the Accused FASTOP Products is additionally in sealing engagement with a seal of the hard top portion to provide a weather tight seal.

191.  Thus, the Accused FASTOP Products infringe at least claim 27 of the '921 Patent.

192.  The rear header portion of the Accused FASTOP Products is three to five pieces operably connected together by a fastener, bonded and/or with adhesive.

193.  Thus, the Accused FASTOP Products infringe at least claim 28 of the '921 Patent.

194.  The rear header portion of the Accused FASTOP Products is three molded pieces operably connected together by a fastener, bonded and/or with adhesive.

195.  Thus, the Accused FASTOP Products infringe at least claim 29 of the '921 Patent.

196.   The pivotable portion of the Accused FASTOP Products has two side rail linkage assemblies to provide the pivotable connection with the two door rails and allow the cover to move between a closed position and an open position.

197.   Thus, the Accused FASTOP Products infringe at least claim 30 of the '921 Patent.

198.   The Accused FASTOP Products have a bracket connected to each of the two door rails to provide a pivot point on each of the two door rails.

199.   Thus, the Accused FASTOP Products infringe at least claim 31 of the '921 Patent.

200.   The pivotable portion of the Accused FASTOP Products has a first fabric management bow operably connected to each side rail linkage assembly and to the cover to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position; and a second fabric management bow operably fixedly connected to said rear header to at least minimize fabric movement when the soft panel top assembly is in the closed position.

201.   Thus, the Accused FASTOP Products infringe at least claim 32 of the '921 Patent.

202.   The Accused FASTOP Products have a front corner seal affixed to each door rail; and/or a rear corner seal affixed to each door rail; and/or two front header seals affixed to the ends of the header to provide weather resistant seals.

203.   Thus, the Accused FASTOP Products infringe at least claim 33 of the '921 Patent.

204.   The Accused FASTOP Products have a pair of opposing clamping surfaces provided on each of the two door rails to attach a front portion of each door rail to a respective sport bar; and a rear clamping surface provided on each of the two door rails to attach a rear portion of each door rail to the respective sport bar.

205.   Thus, the Accused FASTOP Products infringe at least claim 34 of the '921 Patent.

206.   The Accused FASTOP Products have a windshield frame with side members extending from them and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle; at least two door rails attached to the side members of the vehicle; a pivotable portion pivotally connected to the at least two door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly operably coupled to the side members and the cross member, the rear header assembly including a sealing system in sealing engagement with a hard top seal of a hardtop roof portion to provide a weather tight seal; and a cover that is a soft skin roof top

cover, said cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position; where the sealing system includes a rear header seal that is pressed between the hard top roof portion and the rear header assembly; and when the rear header assembly is installed onto the vehicle, a hard top seal comes into contact with and pushes a rear header seal upward between an edge of the rear header assembly and a substantially vertical surface of the hard top roof portion.

207.   Thus, the Accused FASTOP Products infringe at least claim 35 of the '921 Patent.

208.   The rear header seal of the Accused FASTOP Products is made of open cell foam, a closed cell foam material, ethylene propylene diene monomer, thermoplastic elastomers, thermoplastic vulcanizate a foam rubber, an extruded rubber, a formed/molded rubber mucket, and/or a silicone material.

209.   Thus, the Accused FASTOP Products infringe at least claim 36 of the '921 Patent.

210.   The rear header seal of the Accused FASTOP Products is a closed cell foam and less stiff than the hard top seal.

211.   Thus, the Accused FASTOP Products infringe at least claim 37 of the '921 Patent.

212.   The sealing system of the Accused FASTOP Products includes a tertiary seal operably connected to the rear header assembly, and the tertiary seal is a continuous strip along the length of the rear header assembly to provide a back-up weather resistant seal.

213.   Thus, the Accused FASTOP Products infringe at least claim 38 of the '921 Patent.

214.   The rear header assembly of the Accused FASTOP Products includes a rear header portion that is a lightweight molded material that is a single piece or a plurality of pieces operably connected together.

215.   Thus, the Accused FASTOP Products infringe at least claim 39 of the '921 Patent.

216.   The rear header portion of the Accused FASTOP Products is three to five pieces operably connected together by a fastener, bonded and/or with adhesive.

217.   Thus, the Accused FASTOP Products infringe at least claim 40 of the '921 Patent.

218.   The rear header portion of the Accused FASTOP Products is three molded pieces operably connected together by a fastener, bonded and/or with adhesive.

219.   Thus, the Accused FASTOP Products infringe at least claim 41 of the '921 Patent.

220.   The pivotable portion of the Accused FASTOP Products further comprises two side rail linkage assemblies to provide the pivotable connection with the two door rails and allow the cover to move between a closed position and an open position.

221.   Thus, the Accused FASTOP Products infringe at least claim 42 of the '921 Patent.

222.   The Accused FASTOP Products have a bracket connected to each of the two door rails to provide a pivot point on each of the two door rails.

223.   Thus, the Accused FASTOP Products infringe at least claim 43 of the '921 Patent.

224.   The pivotable portion of the Accused FASTOP Products has a first fabric management bow operably connected to each side rail linkage assembly and to the cover to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position; and a second fabric management bow operably fixedly connected to said rear header to at least minimize fabric movement when the soft panel top assembly is in the closed position.

225.   Thus, the Accused FASTOP Products infringe at least claim 44 of the '921 Patent.

226. The side rail linkage assemblies of the Accused FASTOP Products have a first link fixedly connected to the header, the first link also pivotably connected to one of said brackets at a pivot point on the bracket, the first link pivotable about the pivot point; a third link pivotably connected to the bracket at a rearward pivot point on the bracket, the third link pivotable about the rearward pivot point; a second link pivotably connected to the first link first link at a third pivot point, the second link also pivotably connected to the third link at a fourth pivot point, a limiting stop operably connected to one of the links; and the bracket, first link, second link, and third link arrangement coordinates pivotable movement of the pivotable portion between the open and closed positions, and the limiting stop prevents the pivotable portion, other than the cover, from contacting the hard top roof portion to prevent damage.

227. Thus, the Accused FASTOP Products infringe at least claim 45 of the '921 Patent.

228. The Accused FASTOP Products have a front corner seal affixed to each door rail; and/or a rear corner seal affixed to each door rail; and/or two front header seals affixed to the ends of the header to provide weather resistant seals.

229. Thus, the Accused FASTOP Products infringe at least claim 46 of the '921 Patent.

230.   The Accused FASTOP Products have a pair of opposing clamping surfaces provided on each of the two door rails to attach a front portion of each door rail to a respective sport bar; and a rear clamping surface provided on each of the two door rails to attach a rear portion of each door rail to the respective sport bar.

231.   Thus, the Accused FASTOP Products infringe at least claim 47 of the '921 Patent.

232.   The Accused FASTOP Products have a windshield frame with side members extending from it and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle, with at least two door rails attached to the side members of the vehicle; a pivotable portion pivotally connected to the at least two door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly operably coupled to the side members and the cross member, the rear header assembly including a sealing system in sealing engagement with a hard top seal of a hardtop roof portion to provide a weather tight seal; and a cover that is a soft skin roof top cover, the cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position; and the rear header assembly further has an upper rear header; a retainer operably connected to the cover and to the upper rear header; a rear header seal having an attachment portion and a sealing portion, the sealing portion being a

bulbous; a binding retainer operably connected to a retainer and to the attachment portion of a rear header seal such that a retainer and the attachment portion are sandwiched together operable to retain a rear seal; and the binding retainer, attachment portion and binding retainer are sewn together, bonded, and/or adhered together; and the sealing portion is located substantially between the binding retainer and the hard top roof portion and in contact with a hard top seal to provide the weather tight seal.

233.   Thus, the Accused FASTOP Products infringe at least claim 48 of the '921 Patent.

234.   The Accused FASTOP Products have a windshield frame with side members extending from it and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle, with at least two door rails attached to the side members of the vehicle; a pivotable portion pivotally connected to the at least two door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly operably coupled to the side members and the cross member, the rear header assembly including a sealing system in sealing engagement with a hard top seal of a hardtop roof portion to provide a weather tight seal, and the sealing system includes a tertiary seal operably connected to the rear header assembly, and a tertiary seal is a continuous strip along the length of the rear header assembly to provide a back-up

weather resistant seal; and a cover that is a soft skin roof top cover, the cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position.

235. Thus, the Accused FASTOP Products infringe at least claim 49 of the '921 Patent.

236. At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '921 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

237. Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

238. Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '921 Patent.

239. Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

240. Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

45

241.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '921 Patent is deliberate and willful.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,944,155**

242.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

243.   Champion has infringed and continues to infringe all claims of the '155 Patent, either directly or indirectly, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

244.   Champion has actual notice of its infringement of the '155 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

245.   The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

246.   Champion's continuing infringement of the '155 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '155 Patent.

247.   The Accused FASTOP Products are a frame and soft top assembly for a vehicle having a windshield frame with side members extending from it and a crossmember connecting the side members substantially adjacent the rear of the driver passenger compartment. The frame and soft top assembly have a pair of side rails operably attached to the side members of the vehicle; a pivotable sunroof soft top portion including a pair of pivot arms pivotally connected to the side rails, where pivoting the pivotable sunroof soft top portion moves the soft top between a closed position and an open position; a front bow member operably connected to the pivot arms and adapted for removable connection to the windshield frame; a rear bow member operably connected to pair of side rails; an intermediate bow member, the intermediate bow member being articulatingly connected between said side rails and said pivot arms via a first linkage arm and a second linkage arm, one of the linkage arms being operably connected to the pivot arm and a peripheral end of the intermediate bow and the other of the linkage arms being operably connected to the side rail; and a fabric assist bow member articulatingly connected for deployment between the intermediate bow member and the rear bow member by way of a pivotal fabric assist linkage and another fabric assist linkage, the pivotal fabric assist linkage being connected to the one of the first and second linkage arms and the another fabric assist linkage being pivotally connected to the side rail; and a lift assist mechanism comprising a first and second gas cylinder including respective first and second

actuation shafts received in first and second cylinder bodies which are connected in force opposition between the another fabric assist linkage and the side rail such that one of the gas cylinders is compressed when the soft top is down and the other of the gas cylinders is extended, and when the soft top is opened the force in the compressed gas cylinder applies force to the another fabric assist linkage assisting the soft top in an opening direction and the other cylinder is compressed, and upon closing the soft top the now compressed cylinder provides force assistance for closing the soft top assembly.

248.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '155 Patent.

249.   The Accused FASTOP Products have another fabric assist bow member articulatingly connected between the front bow and the intermediate bow by way of a first bow assist linkage pivotally attached to the pivot arm and a second bow assist linkage attached to the one of the first and second linkage arms for the intermediate bow.

250.   Thus, the Accused FASTOP Products infringe at least claim 2 of the '155 Patent.

251.   The first bow assist linkage of the Accused FASTOP Products is pivotally attached to the pivot arm and the second bow assist linkage is attached to the first linkage arm of the intermediate bow.

252.   Thus, the Accused FASTOP Products infringe at least claim 3 of the '155 Patent.

253.   The pivotal fabric assist linkage of the Accused FASTOP Products is pivotally attached to the second linkage arm and the another fabric assist linkage is attached to the side rail.

254.   Thus, the Accused FASTOP Products infringe at least claim 4 of the '155 Patent.

255.   The Accused FASTOP Products have a soft top fabric listed to at least one of the front bow member, the fabric assist bow member, the intermediate bow member, the another fabric assist bow member, and the rear bow member such that when said soft top portion is raised the soft top fabric is managed and folded by the fabric assist bow member and the another fabric assist bow member in a folded accordion like manner.

256.   Thus, the Accused FASTOP Products infringe at least claim 5 of the '155 Patent.

257.   The Accused FASTOP Products have a pair of side rails attached to the side members of the vehicle, each side rail including a first end and a second end; a pivotable sunroof soft top portion including a pair of pivot arms pivotally connected at a first end to the first end of the side rails, where pivoting the pivotable sunroof soft top portion moves the soft top between a closed position and an open position;

a front bow connected between respective pivot arms at an outside end of the pivot arms and adapted for removable connection to the windshield frame; a rear bow member connected to the frame at the second end; an intermediate bow member, the intermediate bow member being articulatingly connected between the side rails and the pivot arm via a first linkage arm and a second linkage arm, one of the linkage arms being connected to the pivot arm and a peripheral end of the intermediate bow and the other of the linkage arms being connected to the side rail; and a lift assist mechanism comprising a first and second gas cylinder including respective first and second actuation shafts received in first and second cylinder bodies which are connected in force opposition between a fabric assist linkage and the side rail such that one of the gas cylinders is compressed when the soft top is down and the other of the gas cylinders is extended, and when the soft top is opened the force in the compressed gas cylinder applies force to the fabric assist linkage assisting the soft top in an opening direction and the other cylinder is compressed, and upon closing the soft top the now compressed cylinder provides force assistance for closing the soft top assembly.

258.   Thus, the Accused FASTOP Products infringe at least claim 6 of the '155 Patent.

259.   The Accused FASTOP Products have a fabric assist bow member articulatingly connected for deployment between the intermediate bow member and

the rear bow member by way of a pivotal fabric assist linkage and the fabric assist linkage, the pivotal fabric assist linkage being connected to the one of the first and second linkage arms and the fabric assist linkage being pivotally connected to the side rail.

260.   Thus, the Accused FASTOP Products infringe at least claim 7 of the '155 Patent.

261.   The pivotal fabric assist linkage of the Accused FASTOP Products is pivotally attached to the second linkage arm and the fabric assist linkage is attached to the side rail.

262.   Thus, the Accused FASTOP Products infringe at least claim 8 of the '155 Patent.

263.   The Accused FASTOP Products have a first fabric assist bow member articulatingly connected between the front bow and the intermediate bow by way of a first bow assist linkage pivotally attached to the pivot arm and a second bow assist linkage attached to the one of the first and second linkage arms for the intermediate bow.

264.   Thus, the Accused FASTOP Products infringe at least claim 9 of the '155 Patent.

265.    The first bow assist linkage of the Accused FASTOP Products is pivotally attached to the pivot arm and the second bow assist linkage is attached to the first linkage arm of the intermediate bow.

266.    Thus, the Accused FASTOP Products infringe at least claim 10 of the '155 Patent.

267.    The Accused FASTOP Products have a soft top fabric listed to the front bow member, a first fabric assist bow member, the intermediate bow member, a second fabric assist bow member, and the rear bow member such that when the soft top portion is raised the soft top fabric is managed and folded by the first and second fabric assist bow members in a folded accordion like manner.

268.    Thus, the Accused FASTOP Products infringe at least claim 11 of the '155 Patent.

269.    The first and second gas cylinders of the Accused FASTOP Products are attached to the side rails by way of lost motion arrangements with bushing members provided to slide in slots formed in the side rails, the first and second gas cylinders connected between respective bushing members to provide lost motion during initial opening and closing actions of the soft top.

270.    Thus, the Accused FASTOP Products infringe at least claim 12 of the '155 Patent.

271.   The Accused FASTOP Products have a pair of side rails attached to the side members of the vehicle, each the side rail including a first end and a second end; a pivotable sunroof soft top portion including a pair of pivot arms pivotally connected at a first end to the first end of the side rails, where pivoting the pivotable sunroof soft top portion moves the soft top between a closed position and an open position; a front bow connected between respective pivot arms at an outside end of the pivot arms and adapted for removable connection to the windshield frame; a rear bow member connected to the frame at the second end; an intermediate bow member, the intermediate bow member being articulatingly connected between the side rails and the pivot arm via a first linkage arm and a second linkage arm, one of the linkage arms being connected to the pivot arm and a peripheral end of the intermediate bow and the other of the linkage arms being connected to the side rail; and a lift assist mechanism with a first and second gas cylinder which are connected in force opposition such that one of the gas cylinders is compressed when the soft top is down and the other of the gas cylinders is extended, where when the soft top is opened the force in the compressed gas cylinder applies force to a pair of fabric assist linkages assisting the soft top in an opening direction and the other cylinder is compressed, and upon closing the soft top the now compressed cylinder provides force assistance for closing the soft top assembly.

272.   Thus, the Accused FASTOP Products infringe at least claim 13 of the '155 Patent.

273.   The Accused FASTOP Products have a fabric assist bow member articulatingly connected for deployment between the intermediate bow member and the rear bow member by way of a pivotal fabric assist linkage and another fabric assist linkage, the pivotal fabric assist linkage is pivotally attached to the second linkage arm and the another fabric assist linkage is attached to the side rail.

274.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '155 Patent.

275.   The lift assist mechanism of the Accused FASTOP Products has  first and second actuation shafts received in first and second cylinder bodies which are connected in force opposition between the another fabric assist linkage and the side rail such that one of the gas cylinders is compressed when the soft top is down and the other of the gas cylinders is extended, and when the soft top is opened the force in the compressed gas cylinder applies force to the another fabric assist linkage assisting the soft top in an opening direction and the other cylinder is compressed, and upon closing the soft top the now compressed cylinder provides force assistance for closing the soft top assembly.

276.   Thus, the Accused FASTOP Products infringe at least claim 15 of the '155 Patent.

277.   The first and second gas cylinders of the Accused FASTOP Products are attached to the side rails by way of lost motion arrangements comprising bushing members provided to slide in slots formed in the side rails, the first and second gas cylinders connected between respective bushing members.

278.   Thus, the Accused FASTOP Products infringe at least claim 16 of the '155 Patent.

279.   The Accused FASTOP Products have a first fabric assist bow member articulatingly connected between the front bow and the intermediate bow by way of a first bow assist linkage pivotally attached to the pivot arm and a second bow assist linkage attached to the first linkage arm of the intermediate bow.

280.   Thus, the Accused FASTOP Products infringe at least claim 17 of the '155 Patent.

281.   The Accused FASTOP Products have a soft top fabric listed to the front bow member, a first fabric assist bow member, the intermediate bow member, a second fabric assist bow member, and the rear bow member so that when the soft top portion is raised, the soft top fabric is managed and folded by the first and second fabric assist bow members in a folded accordion like manner.

282.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '155 Patent.

283.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '155 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

284.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

285.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '155 Patent.

286.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

287.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

288.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '155 Patent is deliberate and willful.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,442,279

289.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

290.   Champion has infringed and continues to infringe all claims of the '279 Patent, either directly or indirectly, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

291.   Champion has actual notice of its infringement of the '279 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

292.   The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

293.   Champion's continuing infringement of the '279 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '279 Patent.

294.   The Accused FASTOP Products have two door rails for attachment at a roof opening of a vehicle; a pivotable portion pivotally connected to the at least two door rails at two pivot points on each door rail; a header connected to the pivotable portion and adapted to selectively connect to the vehicle; a rear header

operable for being coupled at the roof opening in the vehicle, the rear header in sealing engagement with a hardtop roof portion to provide a weather tight seal in the roof opening; and a cover that is a soft skin roof top cover, the cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position.

295.    Thus, the Accused FASTOP Products infringe at least claim 1 of the '279 Patent.

296.    The pivotable portion of the Accused FASTOP Products has two side rail linkage assemblies to provide the pivotable connection with the two door rails and allow the cover to move between a closed position and an open position.

297.    Thus, the Accused FASTOP Products infringe at least claim 2 of the '279 Patent.

298.    The Accused FASTOP Products have brackets, where a respective one of the brackets are each connected to a respective one of the two door rails to provide pivot points on each of the two door rails.

299.    Thus, the Accused FASTOP Products infringe at least claim 3 of the '279 Patent.

300.    The pivotable portion of the Accused FASTOP Products have a bracket fixedly connected to each door rail; a side rail linkage assembly pivotably connected to each bracket to move the soft panel top assembly between the open and closed

positions; and a first fabric management bow operably connected to each side rail linkage assembly to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position.

301.   Thus, the Accused FASTOP Products infringe at least claim 4 of the '279 Patent.

302.   The Accused FASTOP Products have a second fabric management bow operably fixedly connected to the rear header to at least minimize fabric movement when the soft panel top assembly is in the closed position.

303.   Thus, the Accused FASTOP Products infringe at least claim 5 of the '279 Patent.

304.   The side rail linkage assemblies of the Accused FASTOP Products have a first link connected to the header, the first link also pivotably connected to one of two pivot points on the door rail, the first link pivotable about the pivot point; a third link pivotably connected to the other of the two pivot points on the door rail, the third link pivotable about the pivot point; a second link pivotably connected to the first link first link at a third pivot point, the second link also pivotably connected to the third link at a fourth pivot point, and where the first link, second link, and third link arrangement coordinates pivotable movement of the pivotable portion between the open and closed positions.

305.    Thus, the Accused FASTOP Products infringe at least claim 6 of the '279 Patent.

306.    The side rail linkage assemblies of the Accused FASTOP Products are operably configured with a limiting stop to not contact the hardtop roof portion when in the open position to prevent damage.

307.    Thus, the Accused FASTOP Products infringe at least claim 7 of the '279 Patent.

308.    The side rail linkage assemblies of the Accused FASTOP Products each have a limiting stop fastened to one of the links to keep the soft top roof assembly, other than the cover, a predetermined distance above the hardtop roof portion.

309.    Thus, the Accused FASTOP Products infringe at least claim 8 of the '279 Patent.

310.    The Accused FASTOP Products have a front corner seal affixed to each door rail portion; and/or a rear corner seal affixed to each door rail portion; and/or a front header seal affixed to each end of the header to provide weather resistant seals.

311.    Thus, the Accused FASTOP Products infringe at least claim 9 of the '279 Patent.

312.    The two door rails of the Accused FASTOP Products each have a plurality of clamping surfaces, extending toward the vehicle interior for connecting each of the two door rails at the roof opening to a respective one of side members of

the vehicle using a respective fastener, where the side members are fore/aft sport bars.

313.   Thus, the Accused FASTOP Products infringe at least claim 10 of the '279 Patent.

314.   The clamping surfaces of the Accused FASTOP Products have a pair of opposing clamping surfaces to attach a front portion of each door rail to the respective sport bar; and a rear clamping surface to attach a rear portion of each door rail to the respective sport bar.

315.   Thus, the Accused FASTOP Products infringe at least claim 11 of the '279 Patent.

316.   The rear header of the Accused FASTOP Products has two attachment members, each attachment member located on top of the sport bar as the rear clamping surface is below the sport bar, where one mushroom knob fastener connects each attachment member and rear clamping surface to the respective sport bar.

317.   Thus, the Accused FASTOP Products infringe at least claim 12 of the '279 Patent.

318.   The rear header of the Accused FASTOP Products has at least two feet located on top of a cross member located at the roof opening of the vehicle and setting a predetermined height for the rear header.

319.   Thus, the Accused FASTOP Products infringe at least claim 13 of the '279 Patent.

320.   The Accused FASTOP Products have at least two locating brackets connected to the bottom of the rear header and partly fitting under a leading edge flange of the hardtop portion to assist in locating and securing the rear header position.

321.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '279 Patent.

322.   The Accused FASTOP Products have at least two threaded fasteners that as tightened further press the rear header down against a hardtop roof portion seal.

323.   Thus, the Accused FASTOP Products infringe at least claim 15 of the '279 Patent.

324.   The pivotable portion of the Accused FASTOP Products pivots with a portion of the cover between the closed position and the open position to provide an open air feel of the soft panel top assembly without completely removing the soft panel top assembly from the vehicle.

325.   Thus, the Accused FASTOP Products infringe at least claim 16 of the '279 Patent.

326.   The cover of the Accused FASTOP Products is operably connected to the rear header by a retainer and metal backing within the rear header.

327.   Thus, the Accused FASTOP Products infringe at least claim 17 of the '279 Patent.

328.   The Accused FASTOP Products have a first fabric management bow and a second fabric management bow with a channel to retain a molded extrusion connected to the cover, and the first and second fabric management bows manage fabric of the cover during movement of the cover between the open and closed positions and minimize fabric movement when the soft panel top assembly is in the closed position.

329.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '279 Patent.

330.   The Accused FASTOP Products have two door rails for attachment at a roof opening of a vehicle; two side rail linkage assemblies, where each respective side rail linkage assembly is connected to a respective one of the two door rails at two locations on each door rail for pivotally connecting the two side rail linkage assemblies to the two door rails; a header connected between the two side rail linkage assemblies and adapted to being selectively coupled to the vehicle; a rear header that is a lightweight header and operable for being coupled to side members and a cross member of the vehicle, the rear header in sealing engagement with a hardtop roof

portion to provide a weather tight seal; a cover that is a soft skin roof top cover, the cover operably connected to the header, rear header and two side rail linkage assemblies, where pivoting the two side rail linkage assemblies allows the cover to move between a closed position and an open position; and a first fabric management bow operably connected between the side rail linkage assemblies to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position.

331.   Thus, the Accused FASTOP Products infringe at least claim 19 of the '279 Patent.

332.   The Accused FASTOP Products have two door rails for attachment at a roof opening of a vehicle; a pivotal portion pivotally connected to the at least two door rails, where pivoting the pivotal portion about pivot points on the two door rails moves the pivotal portion between a closed position and an open position; a header connected to the pivotal portion and to a cover; a rear header operably coupled to the cover, the rear header in sealing engagement with a hardtop roof portion to provide a weather tight seal, where the rear header is a lightweight molded material and has rear geometry which follows the contour of the hardtop roof portion and to seal against the hardtop roof portion; and a first fabric management bow and a second fabric management bow each having a channel to retain a molded extrusion

connected to the cover, and the first and second fabric management bows manage fabric of the cover during movement of the cover between the open and closed positions and minimize fabric movement when the soft panel top assembly is in the closed position.

333.   Thus, the Accused FASTOP Products infringe at least claim 20 of the '279 Patent.

334.   The Accused FASTOP Products fit to a front cockpit roof top opening of the vehicle and pivoting the pivotable portion moves the cover out of the way.

335.   Thus, the Accused FASTOP Products infringe at least claim 21 of the '279 Patent.

336.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '279 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

337.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

338.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '279 Patent.

339.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

340.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

341.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '279 Patent is deliberate and willful.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,449,843**

342.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

343.   Champion has infringed and continues to infringe all claims of the '843 Patent, either directly or indirectly, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

344.   Champion has actual notice of its infringement of the '843 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

345.   The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

346.   Champion's continuing infringement of the '843 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '843 Patent.

347.   The Accused FASTOP Products are a folding soft top assembly for a vehicle having a windshield frame with side members extending therefrom and a crossmember connecting the side members substantially adjacent the rear of the driver passenger compartment.

348.   The Accused FASTOP Products have a pivotal portion operably connected to the side members of the vehicle, the pivotal portion selectively pivotal between a closed position and an open position; a pair of intermediate bow pivot links operably connected to a pair of side rails, respectively; a pair of lift assist mechanisms each with a first gas strut and a second gas strut operably connected to the intermediate bow pivot link and the side rail in force opposition, the lift assist mechanism including a first idler link connected to the first gas strut and to the side rail and a second idler link connected to the side rail and the second gas strut operable

to assist moving the soft top assembly between the closed position and an open position.

349.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '843 Patent.

350.   The intermediate bow pivot links of the Accused FASTOP Products are pivotally connected to a respective one of the pair of side rails, and when the pivotal portion is opened the force in one of the gas struts applies force to the intermediate bow pivot link assisting the pivotal portion in an opening direction and the other gas strut is compressed, and upon moving the pivotal portion in a closing direction, the now compressed gas strut provides force assistance for closing the soft top assembly.

351.   Thus, the Accused FASTOP Products infringe at least claim 2 of the '843 Patent.

352.   The Accused FASTOP Products have a pair of first side rails pivotally connected to the pair of side rails, and the pair of side rails are rear side rails.

353.   Thus, the Accused FASTOP Products infringe at least claim 3 of the '843 Patent.

354.   The Accused FASTOP Products have a header connected to the pair of first side rails, the header adapted for selectively operably connecting to the windshield frame when the folding soft top assembly is in the closed position.

355.   Thus, the Accused FASTOP Products infringe at least claim 4 of the '843 Patent.

356.   The Accused FASTOP Products have a pair of intermediate bow control links pivotally connected to the pair of door rails, each intermediate bow control link connected to an assist linkage articulatingly connected to the intermediate bow pivot link.

357.   Thus, the Accused FASTOP Products infringe at least claim 5 of the '843 Patent.

358.   The intermediate bow pivot link of the Accused FASTOP Products is connected to an intermediate bow for fabric management during rotation of the pivotal portion between the closed position and an open sunroof position.

359.   Thus, the Accused FASTOP Products infringe at least claim 6 of the '843 Patent.

360.   As the Accused FASTOP Products are closed, a cylinder of the second gas strut unloads, and, the cylinder applies its load through top mechanism linkages thereby reducing the amount of effort required to operate the Accused FASTOP Products, and a cylinder of the first gas strut remains unloaded and is free to rotate via a first gas strut idler link.

361.   Thus, the Accused FASTOP Products infringe at least claim 7 of the '843 Patent.

362.   As the Accused FASTOP Products are opened by lifting the first side rail, a cylinder of the first gas strut unloads and applies its load through linkages of the top mechanism, thereby reducing the amount of effort required to operate the soft top assembly, and a cylinder of the second gas strut remains fully unloaded as it is free to rotate via an idler link attached to a second intermediate bow pivot link.

363.   Thus, the Accused FASTOP Products infringe at least claim 8 of the '843 Patent.

364.   The Accused FASTOP Products have an idler stop connected to each of the pair of intermediate bow pivot links operable to contact the second gas strut when the soft top assembly moves in an opening direction to load the second gas strut.

365.   Thus, the Accused FASTOP Products infringe at least claim 9 of the '843 Patent.

366.   The loading of the Accused FASTOP Products dampens the effect of top mass as the soft top assembly moves down into the open position, and, at the same time, the first gas strut is unloaded and free to rotate about a pivot joint on the first idler link.

367.   Thus, the Accused FASTOP Products infringe at least claim 10 of the '843 Patent.

368.    When the Accused FASTOP Products are in the open position, the first gas strut is fully unloaded/open and the second gas strut is fully loaded/compressed.

369.    Thus, the Accused FASTOP Products infringe at least claim 11 of the '843 Patent.

370.    The Accused FASTOP Products have a first intermediate bow assembly including a first control link connected to a first intermediate bow and a first side rail of the pivotal portion, and a second control link connected to the first intermediate bow and a pivot link that is connected to a second intermediate bow control link pivotally connected to a second side rail, where the first intermediate bow assembly controls top cover management as the soft top assembly moves between the closed and open positions.

371.    Thus, the Accused FASTOP Products infringe at least claim 12 of the '843 Patent.

372.    The Accused FASTOP Products have a second intermediate bow connected to the intermediate bow pivot link and to an assist linkage to form a second intermediate bow assembly, where the first and second intermediate bow assemblies provide fabric management as the soft top assembly moves to/from the closed position from/to the open position.

373.    Thus, the Accused FASTOP Products infringe at least claim 13 of the '843 Patent.

374.   The Accused FASTOP Products have an idler stop connected to each of the pair of side rails operable to contact the first idler link to prevent further rotation of the first idler link thereby compressing the first gas strut.

375.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '843 Patent.

376.   The compression of the first gas strut of the Accused FASTOP Products dampens the motion of the top mechanism as closing, and the second gas strut is simultaneously fully unloaded.

377.   Thus, the Accused FASTOP Products infringe at least claim 15 of the '843 Patent.

378.   The Accused FASTOP Products have a door rail operably connected to the side members of the vehicle, where the pivotal portion is operably coupled to a door rail.

379.   Thus, the Accused FASTOP Products infringe at least claim 16 of the '843 Patent.

380.   The Accused FASTOP Products have  a pair of front side rails pivotally connected to a pair of rear side rails, the pair of rear side rails operably coupled to the side members of the vehicle; control linkages operably coupled to the front and rear side rails; intermediate bows operably coupled to respective control linkages, wherein the intermediate bows are fabric management bows; a first and second gas

strut operably connected to the rear side rail and respective control linkages operable to provide lift assist and controlling motion when moving between an open sunroof position and a closed position.

381.   Thus, the Accused FASTOP Products infringe at least claim 17 of the '843 Patent.

382.   As the top of the Accused FASTOP Products is being closed, the second gas strut cylinder unloads, and the cylinder applies its load through top mechanism linkages thereby reducing the amount of effort required to operate the top, and the first gas strut cylinder remains unloaded and is free to rotate via a first gas strut idler link.

383.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '843 Patent.

384.   The Accused FASTOP Products are opened by lifting the first side rail, the first gas strut cylinder unloads, and, applies its load through the top mechanism linkages, thereby reducing the amount of effort required to operate the top, and the second gas strut cylinder remains fully unloaded as it is free to rotate via an idler link attached to a second intermediate bow pivot link.

385.   Thus, the Accused FASTOP Products infringe at least claim 19 of the '843 Patent.

386.   The Accused FASTOP Products have a pivotal portion operably connected to the side members of the vehicle, the pivotal portion selectively pivotal in an opening direction and a closing direction between a closed position and at least one open position; a pair of intermediate bow pivot links operably connected to a pair of side rails; a pair of first idler links connected to the pair of side rails; a pair of second idler links connected to the pair intermediate bow pivot links; a pair of lift assist mechanisms each comprising a first gas strut connected to the first idler link and a second gas strut connected to the second idler links in force opposition; a first stop connected to each of the second idler links; and a second stop connected to each of the first idler links; where as the pivotal portion rotates in the opening direction the second idler link and the first stop come into contact to load the second gas strut and the first gas strut unloads, and as the pivotal portion rotates in the closing direction the first idler link and second stop come into contact to load the first gas strut and the second gas strut unloads.

387.   Thus, the Accused FASTOP Products infringe at least claim 20 of the '843 Patent.

388.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '843 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

74

389.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

390.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '843 Patent.

391.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

392.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

393.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '843 Patent is deliberate and willful.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 10,471,813**

394.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

395.   Champion has infringed and continues to infringe all claims of the '813 Patent, either directly or indirectly, literally or under the doctrine of equivalents,

pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

396.   Champion has actual notice of its infringement of the '813 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

397.   The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

398.   Champion's continuing infringement of the '813 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '813 Patent.

399.   The Accused FASTOP Products are a panel top assembly for a vehicle having a windshield frame with side members extending therefrom and a cross member operably connecting the side members adjacent to the rear of a front cockpit of the vehicle.

400.   The Accused FASTOP Products have at least two door rails attached to the side members of the vehicle; a pivotable portion pivotally connected to the at least two door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly operably coupled to the side members and the cross member, the rear header assembly

operably coupled with a sealing system in engagement with a hardtop roof portion to provide a weather tight seal, the sealing system including a tertiary seal to provide a back-up weather resistant seal; and a roof top opening cover, the cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position.

401.   The rear header assembly of the Accused FASTOP Products have an upper rear header; a retainer operably connected to a cover and to an upper rear header; a one rear header seal having an attachment portion and a sealing portion, the sealing portion being bulbous; a binding retainer operably connected to a retainer and to the attachment portion of a header seal such that a retainer and the attachment portion are sandwiched together operable to retain a rear header seal; and a binding retainer, and an attachment portion are sewn together, bonded, and/or adhered together; and the sealing portion is located substantially between a binding retainer and the hard top roof portion and in contact with a hard top seal to provide the weather tight seal.

402.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '813 Patent.

403.   When the rear header assembly of the Accused FASTOP Products is installed onto the vehicle, the rear header assembly compresses a rear header seal.

404.    Thus, the Accused FASTOP Products infringe at least claim 2 of the '813 Patent.

405.    The seal of Accused FASTOP Products is made of open cell foam, a closed cell foam material, ethylene propylene diene monomer, thermoplastic elastomers, thermoplastic vulcanizate a foam rubber, an extruded rubber, a formed/molded rubber mucket, and/or silicone material.

406.    Thus, the Accused FASTOP Products infringe at least claim 3 of the '813 Patent.

407.    The rear header seal of the Accused FASTOP Products is a closed cell foam and less stiff than a hard top seal.

408.    Thus, the Accused FASTOP Products infringe at least claim 4 of the '813 Patent.

409.    The tertiary seal of the Accused FASTOP Products is a continuous strip along the length of the rear header assembly to provide a back-up weather resistant seal.

410.    Thus, the Accused FASTOP Products infringe at least claim 5 of the '813 Patent.

411.    The rear header assembly of the Accused FASTOP Products is additionally in sealing engagement with another seal of the hard top portion to provide a weather tight seal.

412.   Thus, the Accused FASTOP Products infringe at least claim 6 of the '813 Patent.

413.   The rear header assembly of the Accused FASTOP Products includes a rear header portion that is a molded material that is a single piece or a plurality of pieces operably connected together.

414.   Thus, the Accused FASTOP Products infringe at least claim 7 of the '813 Patent.

415.   The rear header portion of the Accused FASTOP Products is three to five pieces operably connected together by a fastener, bonded and/or with adhesive.

416.   Thus, the Accused FASTOP Products infringe at least claim 8 of the '813 Patent.

417.   The rear header portion of the Accused FASTOP Products is three molded pieces operably connected together by a fastener, bonded and/or with adhesive.

418.   Thus, the Accused FASTOP Products infringe at least claim 9 of the '813 Patent.

419.   The pivotable portion of the Accused FASTOP Products has two side rail linkage assemblies to provide the pivotable connection with the two door rails and allow the cover to move between a closed position and an open position.

420.   Thus, the Accused FASTOP Products infringe at least claim 10 of the '813 Patent.

421.   The Accused FASTOP Products have a bracket connected to each of the two door rails to provide a pivot point on each of the two door rails.

422.   Thus, the Accused FASTOP Products infringe at least claim 11 of the '813 Patent.

423.   The pivotable portion of the Accused FASTOP Products has a first fabric management bow operably connected to each side rail linkage assembly and to the cover to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position; and a second fabric management bow operably fixedly connected to the rear header to at least minimize fabric movement when the soft panel top assembly is in the closed position.

424.   Thus, the Accused FASTOP Products infringe at least claim 12 of the '813 Patent.

425.   The side rail linkage assemblies of the Accused FASTOP Products have a first link fixedly connected to the header, the first link also pivotably connected to one of the brackets at a pivot point on the bracket, the first link pivotable about the pivot point; a third link pivotably connected to the bracket at a rearward pivot point on the bracket, the third link pivotable about the rearward pivot point; a second link

pivotally connected to the first link at a third pivot point, the second link also pivotally connected to the third link at a fourth pivot point; a limiting stop operably connected to one of the links; and the bracket, first link, second link, and third link arrangement coordinates pivotable movement of the pivotable portion between the open and closed positions, and the limiting stop prevents the pivotable portion, other than the cover, from contacting the hard top roof portion to prevent damage.

426.    Thus, the Accused FASTOP Products infringe at least claim 13 of the '813 Patent.

427.    The Accused FASTOP Products have a front corner seal affixed to each door rail; and/or a rear corner seal affixed to each door rail; and/or two front header seals affixed to the ends of the header to provide weather resistant seals.

428.    Thus, the Accused FASTOP Products infringe at least claim 14 of the '813 Patent.

429.    The Accused FASTOP Products have a pair of opposing clamping surfaces provided on each of the two door rails to attach a front portion of each door rail to the respective side member; and a rear clamping surface provided on each of the two door rails to attach a rear portion of each door rail to the respective side member.

430.    Thus, the Accused FASTOP Products infringe at least claim 15 of the '813 Patent.

431.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '813 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

432.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

433.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '813 Patent.

434.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

435.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

436.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '813 Patent is deliberate and willful.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 10,696,146

437.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

438.   Champion has infringed and continues to infringe all claims of the '146 Patent, either directly or indirectly, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

439.   Champion has actual notice of its infringement of the '146 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

440.   The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

441.   Champion's continuing infringement of the '146 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '146 Patent.

442.   The Accused FASTOP Products are an articulating front top cover assembly for a vehicle with an articulating portion operably connected to a frame portion and in sealing engagement with a hard top portion; and a cover connected to a front header of the articulating portion, the articulating portion including front and

rear links each pivotally connected toward an end of the front header, where the cover covers the front header, and where moving the articulating portion allows the cover to move between at least a closed position and an open position.

443.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '146 Patent.

444.   The frame portion of the Accused FASTOP Products has a door rail operably attached to the vehicle for operably mounting the articulating portion.

445.   Thus, the Accused FASTOP Products infringe at least claim 2 of the '146 Patent.

446.   The frame portion of the Accused FASTOP Products has a pair of door rails with a pivot point on each door rail to pivotally attach the articulating portion.

447.   Thus, the Accused FASTOP Products infringe at least claim 3 of the '146 Patent.

448.   The frame portion of the Accused FASTOP Products has a pair of door rails with a plurality of pivot points on each door rail to pivotally attach the articulating portion.

449.   Thus, the Accused FASTOP Products infringe at least claim 4 of the '146 Patent.

450.   The frame portion of the Accused FASTOP Products is a cassette attachment.

451.   Thus, the Accused FASTOP Products infringe at least claim 5 of the '146 Patent.

452.   The frame portion of the Accused FASTOP Products is a one piece cassette attachment.

453.   Thus, the Accused FASTOP Products infringe at least claim 6 of the '146 Patent.

454.   The cassette of the Accused FASTOP Products is a plurality of pieces comprising at least a pair of door rails and a rear header.

455.   Thus, the Accused FASTOP Products infringe at least claim 7 of the '146 Patent.

456.   The cassette of the Accused FASTOP Products has the front header.

457.   Thus, the Accused FASTOP Products infringe at least claim 8 of the '146 Patent.

458.   The articulating portion of the Accused FASTOP Products includes a hinge on each side of the assembly for folding the cover.

459.   Thus, the Accused FASTOP Products infringe at least claim 9 of the '146 Patent.

460.   The Accused FASTOP Products have a cover which is operably connected to a linkage assembly pivotally connected to both sides of the frame by a

pivot point, where the front header stays in a horizontal orientation when the cover moves between the closed and open positions.

461.   Thus, the Accused FASTOP Products infringe at least claim 10 of the '146 Patent.

462.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '146 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

463.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

464.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '146 Patent.

465.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

466.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

467.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product

design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '146 Patent is deliberate and willful.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 11,124,053

468.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

469.   Champion has infringed and continues to infringe all claims of the '053 Patent, either directly or indirectly, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

470.   Champion has actual notice of its infringement of the '053 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

471.   The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

472.   Champion's continuing infringement of the '053 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '053 Patent.

473.   The Accused FASTOP Products are a soft top insert for a vehicle roof for inserting into an open space in the roof defined by a windshield frame, side

members extending back therefrom over oppositely-disposed driver side and passenger side vehicle doors, and a cross member connecting the side members opposite the open space from the windshield frame and behind the doors.

474.   The Accused FASTOP Products have at least two door rails adapted to be attached to the side members of the vehicle; a pivotable portion that is pivotable with respect to the at least two door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly adapted to be operably coupled to the side members and the cross member, the rear header assembly including a sealing system adapted to engage with a hardtop roof portion to provide a weather tight seal, the sealing system including a tertiary seal to provide a back-up weather resistant seal; and a roof top opening cover, the cover operably connected to the header and rear header, wherein pivoting the pivotable portion allows the cover to move between a closed position and an open position.

475.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '053 Patent.

476.   The Accused FASTOP Products have least one seal on the rear header assembly that is pressed between the hard top roof portion and the rear header assembly.

477.   Thus, the Accused FASTOP Products infringe at least claim 2 of the '053 Patent.

478. When the rear header assembly of the Accused FASTOP Products is installed onto the vehicle, the rear header assembly is adapted with an abutment surface for abutment with a rear header seal.

479. Thus, the Accused FASTOP Products infringe at least claim 3 of the '053 Patent.

480. The seal of the Accused FASTOP Products is made of open cell foam, a closed cell foam material, ethylene propylene diene monomer, thermoplastic elastomers, thermoplastic vulcanizate a foam rubber, an extruded rubber, a formed/molded rubber mucket, and/or a silicone material.

481. Thus, the Accused FASTOP Products infringe at least claim 4 of the '053 Patent.

482. The seal of the Accused FASTOP Products is a closed cell foam and less stiff than the hard top seal.

483. Thus, the Accused FASTOP Products infringe at least claim 5 of the '053 Patent.

484. The tertiary seal of the Accused FASTOP Products is a continuous strip along the length of the rear header assembly to provide a back-up weather resistant seal.

485. Thus, the Accused FASTOP Products infringe at least claim 6 of the '053 Patent.

486.   The rear header assembly of the Accused FASTOP Products has an upper rear header; a retainer operably connected to the cover and to the upper rear header; a rear header seal having an attachment portion and a sealing portion, the sealing portion being bulbous; a binding retainer operably connected to the retainer and to the attachment portion of the rear header seal such that the retainer and the attachment portion are sandwiched together operable to retain the rear seal; and attachment portion and binding retainer are sewn together, bonded, and/or adhered together and the sealing portion is located substantially between the binding retainer and the hard top roof portion and in contact with the hard top seal to provide the weather tight seal.

487.   Thus, the Accused FASTOP Products infringe at least claim 7 of the '053 Patent.

488.   The rear header assembly of the Accused FASTOP Products is additionally adapted to be in sealing engagement with the other seal of the hard top portion to provide a weather tight seal.

489.   Thus, the Accused FASTOP Products infringe at least claim 8 of the '053 Patent.

490.   The rear header assembly of the Accused FASTOP Products includes a rear header portion that is a lightweight wireframe and/or molded material that is a single piece or a plurality of pieces operably connected together.

491.   Thus, the Accused FASTOP Products infringe at least claim 9 of the '053 Patent.

492.   The rear header portion of the Accused FASTOP Products is three to five pieces operably connected together by a fastener, bonded and/or with adhesive.

493.   Thus, the Accused FASTOP Products infringe at least claim 10 of the '053 Patent.

494.   The rear header portion of the Accused FASTOP Products is three molded pieces operably connected together by a fastener, bonded and/or with adhesive.

495.   Thus, the Accused FASTOP Products infringe at least claim 11 of the '053 Patent.

496.   The pivotable portion of the Accused FASTOP Products has two side rail linkage assemblies to provide a pivotable connection adjacent to the two door rails and allow the cover to move between a closed position and an open position.

497.   Thus, the Accused FASTOP Products infringe at least claim 12 of the '053 Patent.

498.   The Accused FASTOP Products have a bracket, and the linkage assemblies are connected adjacent the two door rails to provide a pivot point on each of the two door rails.

499.   Thus, the Accused FASTOP Products infringe at least claim 13 of the '053 Patent.

500.   The pivotable portion of the Accused FASTOP Products has a first fabric management bow operably connected between the two side rail linkage assemblies and to the cover to manage fabric of the cover during movement of the cover between the open and closed positions and to minimize fabric movement when the soft panel top assembly is in the closed position; and a second fabric management bow operably fixedly connected to a rear header portion to at least minimize fabric movement when the soft panel top assembly is in the closed position.

501.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '053 Patent.

502.   The side rail linkage assemblies of the Accused FASTOP Products have a first link fixedly connected to the header, the first link also pivotably connected to one of the brackets at a pivot point on the bracket, the first link pivotable about the pivot point; a third link pivotably connected to the bracket at a rearward pivot point on the bracket, the third link pivotable about the rearward pivot point; a second link pivotably connected to the first link first link at a third pivot point, the second link also pivotably connected to the third link at a fourth pivot point, a limiting stop operably connected to one of the links; and the bracket, first link, second link, and third link arrangement coordinates pivotable movement of the pivotable portion

between the open and closed positions, and the limiting stop prevents the pivotable portion, other than the cover, from contacting the hard top roof portion to prevent damage.

503.   Thus, the Accused FASTOP Products infringe at least claim 15 of the '053 Patent.

504.   The Accused FASTOP Products have a front corner seal affixed to each door rail; and/or a rear corner seal affixed to each door rail; and/or two front header seals affixed to the ends of the header to provide weather resistant seals.

505.   Thus, the Accused FASTOP Products infringe at least claim 16 of the '053 Patent.

506.   The Accused FASTOP Products have a pair of opposing clamping surfaces provided on each of the two door rails to attach a front portion of each door rail to a respective sport bar; and a rear clamping surface provided on each of the two door rails to attach a rear portion of each door rail to the respective sport bar.

507.   Thus, the Accused FASTOP Products infringe at least claim 17 of the '053 Patent.

508.   The Accused FASTOP Products have two door rails adapted to be attached to side members of the vehicle; two side rail linkage assemblies; two brackets, wherein a respective bracket is adapted to be connected adjacent to a respective one of the two door rails for a pivotal connection to a respective one of

the two side rail linkage assemblies with respect to each door rail; a header connected between the two side rail linkage assemblies and adapted to selectively connect to a windshield frame; a rear header assembly adapted to be in sealing engagement with a hard top roof portion to provide a weather tight seal; a rear header seal operably connected on the rear header assembly to provide a weather tight seal between the rear header assembly, a substantially vertical surface on the hard top roof portion, and an existing hard top seal provided on the hard top portion, the rear header assembly operable to also compress another seal on the hard top portion to further provide a weather tight seal; a tertiary seal operably connected on the rear header assembly along the length of the rear header assembly to provide a back-up weather tight seal; and a cover that is a soft skin roof top cover, the cover operably connected to the header, rear header assembly and two side rail linkage assemblies, where pivoting the two side rail linkage assemblies allows the cover to move between a closed position and an open position.

509.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '053 Patent.

510.   The rear header assembly of the Accused FASTOP Products  includes a rear header portion that is a lightweight wireframe and/or molded material that is formed of a single piece or a plurality of pieces operably connected together.

511.   Thus, the Accused FASTOP Products infringe at least claim 19 of the '053 Patent.

512.   The Accused FASTOP Products have two door rails adapted to be attached to the side members of the vehicle, each door rail including a sealing surface operable to allow a weather resistant seal with the front doors of the vehicle; a pivotable portion pivotable with respect to the door rails; a header connected to the pivotable portion and adapted to selectively connect to the windshield frame; a rear header assembly adapted to be operably coupled to the side members and the cross member, the rear header assembly including a sealing arrangement adapted to be in sealing engagement with a hard top seal of a hardtop roof portion to provide a weather tight seal, wherein the sealing arrangement has a bulb seal and a tertiary seal, wherein the rear header assembly includes a lightweight molded material and has rear geometry which is adapted to follow the contour of the hardtop roof portion and to seal the sealing arrangement against the hard top portion and a hard top seal; a cover that is a soft skin roof top cover, the cover operably connected to the header and rear header, where pivoting the pivotable portion allows the cover to move between a closed position and an open position; and clamping surfaces provided on each door rail extending toward the vehicle interior when installed, for connecting each of the two door rails to a respective one of the side members of the vehicle using a respective fastener, wherein the side members are fore/aft sport bars.

513.   Thus, the Accused FASTOP Products infringe at least claim 20 of the '053 Patent.

514.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '053 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

515.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

516.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '053 Patent.

517.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

518.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

519.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '053 Patent is deliberate and willful.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 11,648,830

520.  Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

521.  Champion has infringed and continues to infringe at least claims 1-7 and 11-19 of the '830 Patent, either directly or indirectly, literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

522.  Champion has actual notice of its infringement of the '830 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

523.  The foregoing acts of infringement by Champion have been willful, intentional and purposeful, in disregard of and indifferent to Bestop's rights.

524.  Champion's continuing infringement of the '830 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '830 Patent.

525.  The Accused FASTOP Products are a folding soft top assembly adapted for connecting to a vehicle having a windshield frame with side members extending from it.

526.   The Accused FASTOP Products have a pivotal portion adapted to operably connect to the vehicle at the roof opening, the pivotal portion selectively pivotal between a closed position and at least one open position.

527.   The Accused FASTOP Products have a pair of intermediate bow pivot links operably connected to a pair of side rails, respectively.

528.   The Accused FASTOP Products have gas strut lift assist mechanisms operable to assist moving said pivotal portion between a closed position and an open position

529.   Thus, the Accused FASTOP Products infringe at least claim 1 of the '830 Patent.

530.   The Accused FASTOP Products have intermediate bow pivot links which are pivotally connected to a respective one of a pair of side rails, and when the pivotal portion is opened, the force in one of the gas struts applies force to the intermediate bow pivot link assisting the pivotal portion in an opening direction and the other gas strut is compressed, and upon moving the pivotal portion in a closing direction the now compressed gas strut provides force assistance for closing the Accused FASTOP Products.

531.   Thus, the Accused FASTOP Products infringe at least claim 2 of the '830 Patent.

532.   The Accused FASTOP Products have a pair of first side rails pivotally connected to the pair of side rails, and the pair of side rails are rear side rails.

533.   Thus, the Accused FASTOP Products infringe at least claim 3 of the '830 Patent.

534.   The Accused FASTOP Products have a header connected to the pair of first side rails, the header adapted for selectively operably connecting to the windshield frame when the folding soft top assembly is in the closed position.

535.   Thus, the Accused FASTOP Products infringe at least claim 4 of the '830 Patent.

536.   The Accused FASTOP Products have a pair of intermediate bow control links pivotally connected to a pair of door rails, each intermediate bow control link connected to an assist linkage articulatingly connected to the intermediate bow pivot link.

537.   Thus, the Accused FASTOP Products infringe at least claim 5 of the '830 Patent.

538.   The intermediate bow pivot link of the Accused FASTOP Products is connected to an intermediate bow for fabric management during rotation of the pivotal portion between the closed position and an open sunroof position.

539.   Thus, the Accused FASTOP Products infringe at least claim 6 of the '830 Patent.

540.    When the Accused FASTOP Products are being closed, a cylinder of the second gas strut unloads, and, the cylinder applies its load through top mechanism linkages thereby reducing the amount of effort required to operate the Accused FASTOP Products, and wherein a cylinder of the first gas strut remains unloaded and is free to rotate via a first gas strut idler link.

541.    Thus, the Accused FASTOP Products infringe at least claim 7 of the '830 Patent

542.    When the Accused FASTOP Products are in an open position, one of the gas struts is fully unloaded/open and one other of the gas struts is fully loaded/compressed.

543.    Thus, the Accused FASTOP Products infringe at least claim 11 of the '830 Patent

544.    The Accused FASTOP Products have a first intermediate bow assembly including a first control link connected to a first intermediate bow and a first side rail of said pivotal portion, and a second control link connected to the first intermediate bow and a pivot link that is connected to a second intermediate bow control link pivotally connected to a second side rail, where the said first intermediate bow assembly controls top cover management as the Accused FASTOP Products move between closed and open positions.

545.   Thus, the Accused FASTOP Products infringe at least claim 12 of the '830 Patent.

546.   The Accused FASTOP Products have a second intermediate bow connected to an intermediate bow pivot link and to an assist linkage to form a second intermediate bow assembly, where the first and second intermediate bow assemblies provide fabric management as the soft top assembly moves to/from the closed position from/to the open position.

547.   Thus, the Accused FASTOP Products infringe at least claim 13 of the '830 Patent.

548.   The Accused FASTOP Products have at least one idler stop connected to at least one of the side rails operable to contact an idler link connected to one of the side rails and one of the gas struts to prevent further predetermined rotation of the idler link thereby compressing one of the gas struts.

549.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '830 Patent.

550.   Compression of the gas strut of the Accused FASTOP Products dampens the motion of the pivotal portion as closing, and where another of said gas struts is simultaneously fully unloaded.

551.   Thus, the Accused FASTOP Products infringe at least claim 15 of the '830 Patent.

552.   The Accused FASTOP Products have a door rail adapted to operably connect to the side members of the vehicle, where the pivotal portion is operably coupled at a door rail.

553.   Thus, the Accused FASTOP Products infringe at least claim 16 of the '830 Patent.

554.   The Accused FASTOP Products are a folding soft top assembly adapted for connecting to a vehicle having a windshield frame with side members extending from it.

555.   The Accused FASTOP Products have a pair of front side rails pivotally connected to a pair of rear side rails, the pair of rear side rails adapted to operably couple to the side members of the vehicle.

556.   The Accused FASTOP Products have control linkages operably coupled to the front and rear side rails.

557.   The Accused FASTOP Products have intermediate bows operably coupled to respective control linkages, where the intermediate bows are fabric management bows.

558.   The Accused FASTOP Products have a first gas strut and a second gas strut operably connected to the rear side rail and respective control linkages operable to provide lift assist and controlling motion when moving between an open sunroof position and a closed position.

559.   Thus, the Accused FASTOP Products infringe at least claim 17 of the '830 Patent.

560.   As the Accused FASTOP Products are being closed, a gas strut cylinder unloads, and, the cylinder applies its load through top mechanism linkages thereby reducing the amount of effort required to operate the Accused FASTOP Products, and where another gas strut cylinder remains unloaded and is free to rotate via a first gas strut idler link.

561.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '830 Patent.

562.   As the Accused FASTOP Products are being opened by lifting a first side rail, a first gas strut cylinder unloads, and, applies its load through top mechanism linkages, thereby reducing the amount of effort required to operate the top, where a second gas strut cylinder remains fully unloaded as it is free to rotate via an idler link attached to an intermediate bow pivot link.

563.   Thus, the Accused FASTOP Products infringe at least claim 19 of the '830 Patent.

564.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '830 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

565.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

566.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '830 Patent.

567.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

568.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

569.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '830 Patent is deliberate and willful.

**COUNT X – INFRINGEMENT OF U.S. PATENT NO. 11,760,176**

570.   Bestop repeats and realleges the preceding paragraphs of this Complaint as though set forth fully herein.

571.   Champion has infringed and continues to infringe claims 1-8, 10-14, and 18 of the '176 Patent, either directly or indirectly, literally or under the doctrine

of equivalents, pursuant to 35 U.S.C. §§ 271 by importing, using, selling, and/or offering to sell in the United States the Accused FASTOP Products.

572.   Champion has actual notice of its infringement of the '176 Patent at least as of July 31, 2025, and also by virtue of the filing of this Complaint.

573.   The foregoing acts of infringement by Champion have been willful, intentional, and purposeful, in disregard of and indifferent to Bestop's rights.

574.   Champion's continuing infringement of the '176 Patent irreparably harms Bestop, and Bestop will continue to suffer irreparable harm absent entry of a preliminary and/or permanent injunction enjoining Champion and its agents, servants, employees, representatives, affiliates, and all others acting with it, from infringing the '176 Patent.

575.   The Accused FASTOP Products are a soft front cockpit cover assembly adapted for a vehicle.

576.   The Accused FASTOP Products have an articulating portion operably coupled to a rear header or adapted to operably connect to the vehicle, the rear header operably adapted for sealing engagement with a rear roof top portion of said vehicle, said articulating portion including a coupling link and an auxiliary tensioning link; a cross-car bow operably connected to a cover and to the auxiliary tensioning link; a bracket operably connected to said cross-car bow, said bracket operably connected to said coupling link at the top end of the coupling link; wherein rotating the

articulating portion allows the cover to move between at least a closed position closing off a roof top opening of said vehicle and at least one open position.

577.    Thus, the Accused FASTOP Products infringe at least claim 1 of the '176 Patent.

578.    The bracket of the Accused FASTOP Products includes an attachment portion connected to the coupling link at a pivot joint.

579.    Thus, the Accused FASTOP Products infringe at least claim 2 of the '176 Patent.

580.    The Accused FASTOP Products have a flange on the auxiliary tensioning link operably connected to a rear surface of the cross-car bow.

581.    Thus, the Accused FASTOP Products infringe at least claim 3 of the '176 Patent.

582.    The bracket of the Accused FASTOP Products is an L-bracket attached to the coupling link and to a front surface of the cross-bow.

583.    Thus, the Accused FASTOP Products infringe at least claim 4 of the '176 Patent.

584.    The coupling link of the Accused FASTOP Products is connected to a first side rail at a pivot point.

585.    Thus, the Accused FASTOP Products infringe at least claim 5 of the '176 Patent.

586.   The first side rail of the Accused FASTOP Products is connected to a tensioning bow adapted to be selectively coupled to a windshield frame portion of the vehicle.

587.   Thus, the Accused FASTOP Products infringe at least claim 6 of the '176 Patent.

588.   The coupling link of the Accused FASTOP Products is located inboard relative to the first side rail.

589.   Thus, the Accused FASTOP Products infringe at least claim 7 of the '176 Patent.

590.   The first side rail of the Accused FASTOP Products is rotatably connected to the rear header at a pivot point.

591.   Thus, the Accused FASTOP Products infringe at least claim 8 of the '176 Patent.

592.   The Accused FASTOP Products have a pivot point of the auxiliary tensioning link to the rear header which is above and rearward to the pivot point of the first side rail.

593.   Thus, the Accused FASTOP Products infringe at least claim 10 of the '176 Patent.

594.   The coupling link of the Accused FASTOP Products extends from the attachment portion of the bracket downward below the front side rail and curves upward to the pivot point with the first side rail, when in the closed position.

595.   Thus, the Accused FASTOP Products infringe at least claim 11 of the '176 Patent.

596.   The Accused FASTOP Products have a portion of the auxiliary tensioning link which is substantially parallel to a portion of the front side rail, when in the closed position.

597.   Thus, the Accused FASTOP Products infringe at least claim 12 of the '176 Patent.

598.   The Accused FASTOP Products have an auxiliary tensioning link which is rotatably connected to the rear header at a pivot point.

599.   Thus, the Accused FASTOP Products infringe at least claim 13 of the '176 Patent.

600.   The Accused FASTOP Products have a stop setting the height of the articulating portion.

601.   Thus, the Accused FASTOP Products infringe at least claim 14 of the '176 Patent.

602.   The Accused FASTOP Products have a cross-car bow operably connected to a cover; a rear header, the rear header operably adapted for a

weathertight seal with a rear roof hard top portion of the vehicle, at least one auxiliary tensioning link operably connected to the cross-car bow; a coupling link rotatably connected to a front rail at a pivot point that is lower than the cross-car bow when the soft front cockpit cover assembly is in a closed position; a bracket operably connected to the cross-car bow, the bracket connected at the other end of the coupling link; where rotating the soft front cockpit cover assembly in first and second directions allows the cover to move between the closed position closing off at least one roof top opening and at least one open position.

603.   Thus, the Accused FASTOP Products infringe at least claim 18 of the '176 Patent.

604.   At least as of the time of this Complaint, Champion is aware that its Accused FASTOP Products are especially made or especially adapted for use in an infringement of the '176 Patent at least because they direct customers to install Accused FASTOP Products on a vehicle.

605.   Champion's Accused FASTOP Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.

606.   Customers and end-users of Champion's Accused FASTOP Products directly infringe the claims of the '176 Patent.

607.   Champion's infringement will continue to damage Bestop's business, causing irreparable harm, for which there is no adequate remedy at law, unless Champion's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

608.   Champion's infringement has caused and continues to cause damage to Bestop and Bestop is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

609.   In connection with its Accused FASTOP Products, Champion adopted the Bestop patented design and sealing structure after having seen Bestop's Product design and/or was on notice of its infringement. Accordingly, Champion's infringement of the '176 Patent is deliberate and willful.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Bestop hereby demands a trial by jury for each, and every issue so permitted by law and statute.

## PRAYER FOR RELIEF

WHEREFORE, Bestop demands judgment in its favor and against Champion as follows:

(a)    A judgment that Champion has infringed, and continues to infringe, one or more claims of each of the Asserted Patents;

(b)    A judgment that Champion has induced infringement, and continues to induce infringement, of one or more claims of each of the Asserted Patents;

(c)    A judgment that Champion has contributed to, and continues to contribute to, the infringement of one or more claims of each of the Asserted Patents;

(d)    A judgment that Champion has willfully infringed the Asserted Patents;

(e)    An Order preliminary and/or permanently enjoining Champion, its officers, partners, employees, agents, parents, subsidiaries, affiliates, attorneys, and anyone acting in concert or participation with any of them, from further infringing, contributing to and/or inducing infringement of the Asserted Patents, in accordance with 35 U.S.C. § 283;

(f)    A judgment awarding Bestop all damages adequate to compensate Bestop for Champion's infringement, and in no event less than a reasonable royalty for Champion's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

(g)    A judgment awarding Bestop treble damages and/or exemplary damages pursuant to 35 U.S.C. § 284 as a result of Champion's willful conduct;

(h)     A judgment and order finding this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Bestop their reasonable attorneys' fees; and

(i)     A judgment awarding Bestop such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

/s/ *Daniel G. Vivarelli, Jr.*

Daniel G. Vivarelli, Jr. (DC No. 482467)

Priya S. Dalal (DC No. 1672700)
1909 K Street, N.W., Suite 860
Washington, DC  20006-1152
(202) 454-2800
vivarelli@butzel.com
dalal@butzel.com

Mitchell S. Zajac (P82498)
Andrew AbdulNour (P86485)
150 West Jefferson, Suite 100
Detroit, MI  48226-4452
(313) 225-7000
zajac@butzel.com
abdulnour@butzel.com

***Attorneys for Plaintiff Bestop, Inc.***

Dated:  December 12, 2025